KAB

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Suhad Abdullah, as the personal representative for Mariam Abdullah,<br><br>                    Plaintiff,<br><br>v.<br><br>Douglas Anthony Ducey, et al.,<br><br>                    Defendants. | No.  CV 18-02275-PHX-DGC (JZB)<br><br>**ORDER** |

Plaintiff Suhad Abdullah, as the personal representative for Mariam Abdullah, brought this civil rights action pursuant to 42 U.S.C. § 1983.  In a May 22, 2020 Order, the Court granted summary judgment in favor of Defendants Ryan and Lutz and dismissed them from this action with prejudice.  Defendants Ryan and Lutz now seek entry of judgment as to Plaintiff's claims against them pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  (Doc. 127.)

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court determines there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Rule 54(b) "was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case . . . .  The Rule thus aimed to augment, not diminish, appeal opportunity.'"  *Jewel v.*

*Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015)).

Defendants Ryan and Lutz argue that "the remaining claims against [Defendants] Corizon [and Ling] are distinct medical/mental health deliberate indifference claims" and because the "State Defendants had no involvement in the medical/mental health treatment of Mariam Abdullah[,] they have an interest in seeing this matter finally resolved soon." (Doc. 127.)  But this argument rests entirely on Defendants' characterization of their roles within the prison as distinct from the roles of medical providers within the prison.  The factual issues underlying the claims against Defendants Ryan and Lutz significantly overlap with the factual issues underlying the claims against the remaining Defendants, rendering piecemeal appeals highly probable.  *See Jewel*, 810 F.3d at 628 (district court should not certify judgment pursuant to Rule 54(b) if there is likelihood of piecemeal appeals).  Further, the Court cannot find that there is no just reason for delay when the "interlocking factual relationship of the various counts leading to the likelihood that a subsequent appeal would again seek review of the issues presented here . . . suggests that it [would not be] in the interests of sound judicial administration for the district court to certify this judgment as final.." *Id.* at 630 (citation omitted).  Because all of the claims in this action are premised on intermingled facts and raise concerns about piecemeal appeals, Defendants Ryan and Lutz have not shown that there is no just reason for delay.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** for the Motion for Rule 54(b) Judgment (Doc. 127), and the motion is **denied**.

Dated this 1st day of July, 2020.

David G. Campbell
Senior United States District Judge